# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN M. COURTNEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOUSING AUTHORITY OF THE COUNTY OF KINGS, et. al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-01296-NONE-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Doc. 11)<br><br>**21-DAY DEADLINE** |

　　　On September 11, 2020, Plaintiff Colleen M. Courtney ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed an action alleging unlawful housing discrimination against the Housing Authority of Kings County (erroneously named as "Housing Authority of the County of Kings"), the Kings County Board of Supervisors (erroneously named as "Board of Supervisors of the County of Kings"), and the California Department of Fair Employment and Housing. (Doc. 1.)

　　　On January 21, 2021, the undersigned issued a screening order finding that Plaintiff failed to state a claim upon which relief may be granted and granted Plaintiff twenty-one days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 4.) Plaintiff was subsequently granted three extensions of time, to August 18, 2021, to file an amended complaint. (*See* Docs. 6, 8, 10.)

On August 16, 2021, instead of filing an amended complaint, Plaintiff filed a "Response to First Screening Order" (the "Response"). (Doc. 11.) In the Response, Plaintiff re-attaches her initial complaint, states that she "feels[] that [the screening standard] ha[s] already been met within the instructions provided by the Previous filed Prose Form," and requests that the Court "reconsider" the initial complaint. (*See id.*)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's screening order by not filing an amended complaint.** Alternatively, within that same time period, Plaintiff may file an amended complaint curing the deficiencies identified in the screening order—a copy of which is being provided along with this order—or a notice of voluntary dismissal. The undersigned further CAUTIONS Plaintiff that, if she fails to take action within twenty-one (21) days of the date of service of this order, the undersigned will recommend to the presiding district court judge that this action be dismissed, in its entirety.

//

//

The Clerk of Court is DIRECTED to send a copy of this order and the Court's screening order entered January 19, 2021 (Doc. 4) to Plaintiff at her address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **August 17, 2021**                        /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE