# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN M. COURTNEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br><br>HOUSING AUTHORITY OF THE COUNTY OF KINGS, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-01296-NONE-SKO<br><br>**ORDER ON PLAINTIFF'S MOTION**<br><br>(Doc. 13)<br><br>**21-DAY DEADLINE** |

On September 11, 2020, Plaintiff Colleen M. Courtney ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed an action alleging unlawful housing discrimination against the Housing Authority of Kings County (erroneously named as "Housing Authority of the County of Kings"), the Kings County Board of Supervisors (erroneously named as "Board of Supervisors of the County of Kings"), and the California Department of Fair Employment and Housing.  (Doc. 1.)

On January 19, 2021, the undersigned issued a screening order finding that Plaintiff failed to state a claim upon which relief may be granted and granted Plaintiff twenty-one days leave to file an amended complaint curing the pleading deficiencies identified in the order.  (Doc. 4.)  Plaintiff was subsequently granted three extensions of time, to August 18, 2021, to file an amended complaint.  (*See* Docs. 6, 8, 10.)

On August 16, 2021, instead of filing an amended complaint, Plaintiff filed a "Response to First Screening Order" (the "Response"). (Doc. 11.) In the Response, Plaintiff re-attached her initial complaint, stated that she "feels[] that [the screening standard] ha[s] already been met within the instructions provided by the Previous filed Prose [sic] Form," and requested that the Court "reconsider" the initial complaint. (*See id.*)

On August 17, 2021, the Court issued an order to show cause, within twenty-one days of the date of service of this order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's screening order by not filing an amended complaint (the "OSC"). (Doc. 12.)

On September 7, 2021, Plaintiff filed a response to the OSC, stating that she "STILL STANDS ON. [sic] the ORIDGINAL [sic] PROSE FORM" and that the initial complaint "CONFORMS TO THE SCREENING STANDARDS[.]" (Doc. 13 at 10.) Plaintiff also requested appointment of counsel pursuant to 42 U.S.C. § 3613(b). (*Id.* at 11.)

The OSC indicated that a copy of the Court's January 19, 2021 screening order would be provided along with the OSC, but, as Plaintiff notes (*see* Doc. 13 at 11), it appears that the screening order was not mailed to Plaintiff. Accordingly, the Clerk of the Court will be directed to re-send a copy of the screening order to Plaintiff, and Plaintiff will be provided **one final opportunity** to file an amended complaint, curing the deficiencies identified in the screening order.

With regard to Plaintiff's request for appointment of counsel, 42 U.S.C. § 3613(b) provides that upon application by a person alleging a discriminatory housing practice or a person against whom such a practice is alleged, the court may appoint an attorney for such person. In civil proceedings, there is no absolute right to counsel.[1]  *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). The determination of whether to appoint counsel "is left to the sound discretion of the district court." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

---

[1] The Court notes that district courts also have discretionary authority under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate h[er] claims pro se in light of the complexity of the legal issues involved." *Id.* (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

There appears to be no case law from the Ninth Circuit Court of Appeals interpreting appointment of counsel pursuant to 42 U.S.C. § 3613(b).  District courts in the Ninth Circuit have found case law on the appointment of an attorney in Title VII employment discrimination cases, pursuant to 42 U.S.C. § 2000e–5, instructive on applying the provisions of 42 U.S.C. § 3613(b), "given the similar nature of the underlying legal actions and the statutory language permitting the appointment of an attorney under these statutes." *Hicks v. Makaha Valley Plantation Homeowners Ass'n*, No. CIV. 14–00254 HG–BMK, 2015 WL 1608454, at *3 (D. Haw. Apr. 9, 2015) (citing *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997) (finding that most courts applying the Fair Housing Act have analogized it to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, which prohibits discrimination in employment); *Pfaff v. U.S. Dep't of Hous. & Urban Dev.*, 88 F.3d 739, 745 n.1 (9th Cir. 1996) (noting that in a Fair House Act case the court "may look for guidance to employment discrimination cases."); *Huntington Branch, NAACP v. Town of Huntington*, 844 F.2d 926, 934–35 (2d Cir. 1988), *aff'd*, 488 U.S. 15 (1988) (Title VII analysis is persuasive in interpreting Title VIII)); *see also Lihosit v. San Diego Hous. Comm'n*, No. 06CV1149 J BLM, 2006 WL 7354096, at *3 (S.D. Cal. Dec. 29, 2006).

Under Title VII, three factors are relevant to a district court's determination of whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).  "The plaintiff has the burden of persuasion as to all three factors, and an unfavorable finding as to any one factor is fatal to [her] request." *Hicks*, 2015 WL 1608454, at *3.

Here, Plaintiff has satisfied the first factor considering financial resources because this Court has permitted her to proceed *in forma pauperis* (*see* Doc. 3).  *See Lihosit*, 2006 WL 7354096, at *3 (noting that proceeding *in forma pauperis* "requires a greater showing of indigency than is required for appointment of counsel").  As for the second factor, the Court presently has no information to assess whether Plaintiff has made reasonably diligent efforts to obtain counsel.  Even assuming that Plaintiff has satisfied this factor, Plaintiff's request for appointment of counsel will be denied because she has not met the third and final factor—that her claims "be shown to have some merit."

*Bradshaw*, 662 F.2d at 1319. As the Court determined in the January 19, 2021 screening order, Plaintiff's initial complaint fails to state any cognizable claims. (*See* Doc. 4.)

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's request for appointment of counsel is DENIED;
2. The Clerk of the Court is DIRECTED to send a copy of this order and the Court's screening order entered January 19, 2021 (Doc. 4) to Plaintiff at her address listed on the docket for this matter;
3. **Within twenty-one (21) days from the date of service of this order**, Plaintiff must file an amended complaint, curing the deficiencies identified by the Court in the January 19, 2021 screening order, or a notice of voluntary dismissal; and
4. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated:   **September 10, 2021**              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE