# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN M. COURTNEY,<br><br>    Plaintiff,<br><br>    v.<br><br><br><br>HOUSING AUTHORITY OF THE COUNTY OF KINGS, et al.,<br><br>    Defendants. | Case No. 1:20-cv-01296-NONE-SKO<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF REQUEST FOR APPOINTMENT OF COUNSEL<br><br>FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER AND FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 12, 15) |

## I.    BACKGROUND

On September 11, 2020, Plaintiff Colleen M. Courtney ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed an action alleging unlawful housing discrimination. (Doc. 1.)

On January 19, 2021, the undersigned issued a screening order finding that Plaintiff failed to state a claim upon which relief may be granted and provided Plaintiff twenty-one days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 4.) Plaintiff was subsequently granted three extensions of time, to August 18, 2021, to file an amended complaint. (*See* Docs. 6, 8, 10.)

On August 16, 2021, instead of filing an amended complaint, Plaintiff filed a "Response to First Screening Order" (the "Response"). (Doc. 11.) Plaintiff re-attached her initial complaint,

stating she "feels[] that [the screening standard] ha[s] already been met within the instructions provided by the Previous filed Prose [sic] Form," and requested that the Court "reconsider" the initial complaint. (*See id.*)

On August 17, 2021, the undersigned issued an order to show cause, within twenty-one days of the date of service of the order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's screening order by not filing an amended complaint (the "OSC"). (Doc. 12.) Plaintiff was warned in both the screening order and the OSC that failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id. See also* Doc. 4.)

On September 7, 2021, Plaintiff filed a response to the OSC, asserting again that the initial complaint satisfied the screening standard, and requesting appointment of counsel pursuant to 42 U.S.C. § 3613(b). (Doc. 13 at 10, 11.)

On September 13, 2021, the undersigned issued an order denying Plaintiff's request for appointment of counsel. (Doc. 14). Given that a copy of the Court's January 19, 2021 screening order had not been mailed to Plaintiff along with the OSC as indicated in the OSC, the undersigned again directed service of the screening order and provided Plaintiff with one final opportunity to file an amended complaint.[1] (*See id.* at 2, 4.) Plaintiff was advised once more that failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of the action. (*Id.* at 4.)

On September 15, 2021, Plaintiff filed a "Final Motion to: [sic] Induce Magistrate Judge Oberto to Make a Fair and Impartical [sic] Judical [sic] Decision Without Personal Prejudical [sic] Objections Hindering the Forward Movement of Case to Be Heard in Court. Stop Obstructing [sic] Justice to Meet Judge's Personal Unrealisic [sic] Requirements with Constant Interuptions [sic] to Pro Se's Hearing of Enforcement by Private Persons—Puruant [sic] to [U.S.C sec. 3613]" ("Final Motion"), asserting that she has sufficiently stated a claim in her initial complaint. (Doc. 15.) Plaintiff also appeared to object to the Court's denial of her request for appointment of counsel in

---

[1] The screening order was re-served on Plaintiff on September 20, 2021. (*See* Docket.) On October 7, 2021, Plaintiff filed a "response" to the screening order, stating that she had "already answered this Case Screening requirements to the best of her ability." (Doc. 16.)

2

the Final Motion, that portion of which the undersigned construes as a motion to reconsider her request.[2] (*See id.* at 5, 6.)

## II.     DISCUSSION

### A.     Reconsideration of Request for Appointment of Counsel

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) of the United States District Court, Eastern District of California ("Local Rule") requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

The undersigned previously found that Plaintiff was not entitled to appointment of counsel under 42 U.S.C. § 3613(b). (*See* Doc. 14.) Plaintiff has not shown that this determination was clearly erroneous. As previously explained, three factors are relevant to a district court's determination of whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). "The plaintiff has the burden of persuasion as to all three factors, and an unfavorable finding as to any one factor is fatal to [her] request." *Hicks v. Makaha Valley Plantation Homeowners Ass'n*, No. CIV. 14–00254 HG–BMK, 2015 WL 1608454, at *3 (D. Haw. Apr. 9, 2015). In view of the Court's determination in the screening order that Plaintiff's initial complaint fails to state any cognizable claims (*see* Doc.

---

[2] Relevant statements by Plaintiff include: (1) "And you, Judge Oberto, requires me to PROVE TO YOU THAT I HAVE TRIED TO LOOK FOR AN ATTORNEY ON MY OWN?"; and (2) "Excuse me, but I can not allow myself to lower myself to your personal level Especially denying an Attorney's [sic] to help me reach your Judgmental level." (Doc. 15 at 5, 6.)

3

4), Plaintiff has not shown that her claims have merit, as required by the third factor of the *Bradshaw* analysis.

Accordingly, because Plaintiff has not demonstrated the existence of clear error, and has not otherwise shown she meets the standard for reconsideration, the motion for reconsideration of her request for appointment of counsel will be denied.

### B.     Findings and Recommendation that the Action Be Dismissed with Prejudice

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

To date, despite being provided multiple opportunities to do so, Plaintiff has not filed an amended complaint in accordance with the Court's January 19, 2021 screening order. Plaintiff was warned three times—in the screening order, the OSC, and the Court's September 13, 2021 order—that the failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action. (*See* Docs. 4, 12, 14.)

Based on Plaintiff's failure to comply with the screening order, there is no alternative but to dismiss the action for her failure to obey a court order and failure to state a claim. Accordingly, the undersigned will recommend that this action be dismissed for Plaintiff's failure to obey a court order and failure to state a claim

///

///

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that the motion for reconsideration of Plaintiff's request for appoint of counsel (Doc. 15) is DENIED.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order and failure to state a claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to send a copy of this order to Plaintiff at her address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **October 18, 2021**        /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE